**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DOMPATCI MANAGEMENT SOLUTIONS,** ) | **CASE NO. 1:18 CV 281** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **ADVANCE PAYROLL FUNDING LTD.,** ) | |
| ) | |
| Defendant. ) | |

This case is before the Court on Defendant Advance Payroll Funding, Ltd.'s Motion to Dismiss for Lack of Capacity. (**Doc #: 28** ("Motion").) For the following reasons, the Motion is **GRANTED**.

**I.**

On August 10, 2017, Plaintiff Dompatci Management Solutions ("Dompatci"), a California company, filed a complaint alleging state law claims in California state court against numerous defendants, including Defendant Advance Payroll Funding Ltd. ("Advance"), an Ohio corporation. (Doc #: 1-1 at 2.) On November 14, 2017, Advance removed the case to the United States District Court for the Eastern District of California pursuant to diversity jurisdiction. (Doc #: 1.)

On February 2, 2018, Dompatci and Advance entered into a "Stipulation and Order to Sever and Transfer Claims Against Defendants Fedex Ground Package System, Inc. and Advance Payroll Funding Ltd." that stated, in pertinent part:

> WHEREAS, Plaintiff Dompatci's alleged claims against Advance arise out of a contract between Dompatci and Advance that contains a forum selection clause requiring that all such claims "shall be [heard in] the District Court for the Northern District of Ohio, Eastern Division. [Plaintiff] expressly waives the jurisdiction of any other court, and acknowledges and agrees that this Agreement, without more, shall be sufficient to sustain the dismissal of an action commenced by [Plaintiff] in any other court than specified in this agreement."
>
> WHEREAS, in the interest of efficiency and cost the Parties wish to avoid motion practice to compel enforcement of these forum selection clauses;
>
> NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between counsel for the undersigned parties as follows:
>
> PURSUANT TO 28 U.S.C. § 1404(a),
>
> . . .
>
> 2. All claims in the Complaint alleged by Plaintiff Dompatci against Defendant Advance, which include Counts One through Five of Plaintiff's Third Cause of Action, shall be hereby transferred to the United States District Court for the Northern District of Ohio, Eastern Division.

(Doc #: 22 at 2-3.) The Stipulation was signed by Attorney David T. Gracia on behalf of Dompatci and by Attorney Julia D. Greer on behalf of Advance. (Id. at 3.) On February 5, 2018, the California district court transferred Dompatci's claims against Advance to the Northern District of Ohio where it was assigned to me. (Doc #: 23.)

On February 6, 2018, the Court issued Notices to Attorneys Gracia and Greer stating that it found no record of their being admitted to practice in the Northern District of Ohio and requiring them to either apply for admission to practice in this district or file a motion for admission *pro hac vice* to practice here. The record shows that, on February 16, 2018, Attorney David S. Blocker, a local attorney who practices regularly in this district, filed a Notice of Appearance on behalf of Defendant Advance in place of Attorney Julia Greer. (Doc #: 25.)

On March 13, 2018, Attorneys Blocker and Gracia filed a Stipulated Leave to Plead, agreeing "that Advance shall have until March 13, 2018 to plead or otherwise respond to the Complaint." (Doc #: 27.) That same day, Advance filed the pending Motion to Dismiss for Lack of Capacity. (Doc #: 28.) Advance now asks the Court to dismiss the case because Dompatci is not registered to do business in Ohio; thus, it lacks the capacity to sue Advance here. This, despite the parties' agreement to transfer the case from California to Ohio based on a forum-selection clause in their contract <u>requiring</u> Dompatci to bring any claims against Advance in Ohio and <u>expressly waiving jurisdiction</u> to bring Dompatci's claims against Advance in any other court.

The deadline for filing a response to the Motion to Dismiss was April 12, 2018. Local Rule 7.1(d). A member of the Court's staff left voicemail messages for Attorney Gracia on April 13, 2018 and April 17, 2018 asking if he planned to file an opposition brief. It is now April 20, 2018, and Attorney Gracia has neither applied for admission to practice in the Northern District of Ohio, filed a motion to appear *pro hac vice*, returned the Court's calls, filed an opposition brief, nor filed a motion for an extension of time to file an opposition brief.

The Court construes the failure to respond to the Court's notices and calls or to respond to the pending Motion to Dismiss as Dompatci's concession to Advance's argument that Dompatci lacks the capacity to sue Advance in Ohio. Accordingly, the Court **GRANTS** the pending Motion (**Doc #: 28**) and dismisses this case without prejudice.

**IT IS SO ORDERED.**

       */s/ Dan A. Polster    April 20, 2018*
       **Dan Aaron Polster**
       **United States District Judge**